344 So.2d 125 (1977)
C.I.T. FINANCIAL SERVICES CORPORATION
v.
FIRST NATIONAL BANK OF JACKSON.
No. 49218.
Supreme Court of Mississippi.
March 9, 1977.
Rehearing Denied April 20, 1977.
King & Spencer, Robert W. King, Jackson, for appellant.
Thompson, Alexander & Crews, Thomas R. Crews, Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice:
The Circuit Court of the First Judicial District of Hinds County entered a replevin judgment for a mobile home in favor of the First National Bank of Jackson [FNB] and C.I.T. Financial Services Corporation [CIT] appeals. We affirm.
On May 14, 1974, Glenn Duke Mobile Home Sales, Inc. [Duke] received a mobile home from American Way Homes, serial no. 1495, and was issued the manufacturer's statement of origin and invoice which transferred title to it. On June 26, 1974, Duke sold the home to Jeanie E. Holmes, who made a down payment of one thousand dollars ($1,000.00). FNB financed the balance of seven thousand two hundred thirty-seven dollars twenty-five cents ($7,237.25), Duke assigned its security instrument to FNB, and the financing statement was recorded in Rankin County where the home was situated. Holmes became dissatisfied with his purchase and declined to make the monthly payments. FNB directed its service agent, Mobile Home Services [MHS], to repossess the home and MHS moved it to Duke's place of business. FNB expected to be paid the balance of the defaulted note by its insurer, and, for that purpose, cancelled its filing statement.
CIT began financing mobile homes for Duke in the fall of 1974. On November 15, 1974, it paid forty-three thousand two hundred ninety-nine dollars ninety-seven cents ($43,299.97) for eight (8) units. In return, CIT received a manufacturer's statement of origin on the units. Among them was a statement dated November 14, 1974, for one (1) home, serial no. 1495. This manufacturer's statement of origin was identical to the manufacturer's statement of origin issued to Duke May 14, 1974, except it indicated the home was for the year 1975 rather than 1974. CIT filed an inventory financing *126 statement with the Chancery Clerk of Hinds County covering all said units, but did not inspect them upon receipt of the statements of origin. The parties agreed that there is only one mobile home with the serial no. 1495, that the correct year is for 1974, and that the two statements of origin with the serial no. 1495 relate to the mobile home involved in the suit.
Mississippi Code Annotated § 75-9-204(1) (1972) provides the following:
"(1) A security interest cannot attach until there is agreement (subsection (3) of Section 1-201) [§ 75-1-201(3)] that it attach and value is given and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching."
In order for CIT to prevail, its security interest in the collateral must have attached. Duke conveyed the home to Jeanie E. Holmes on June 26, 1974, and title remained vested in Holmes. When Duke assigned the security instrument to FNB, title remained in Holmes and the security remained in FNB. Even though a statement of origin was issued to Duke on November 14, 1974, it was not effective to convey any title or interest and no title or interest passed from Duke to CIT. Since Duke had no rights in the collateral, CIT's security interest never attached.
In Texas State Bank v. Foremost Insurance Co., 477 S.W.2d 652 (Tex.C.A. 1972), the Court was confronted with the same question here. The Texas statute is almost identical with Mississippi Code Annotated § 75-9-204(1). In that case, Texas State Bank loaned Goodbar ten thousand dollars ($10,000.00) receiving as security two (2) mobile homes. He delivered to the bank a manufacturer's certificate of origin in favor of Foremost Insurance Company, which certificate was not endorsed by any representative of Foremost. Goodbar represented to the bank that he had been authorized to pledge the manufacturer's certificate to the bank as security for the loan. Foremost had no knowledge of the transaction between the bank and Goodbar. The trial court held that Goodbar was never an actual, apparent, or ostensible agent of Foremost and did not have apparent authority to grant to the bank a security in the mobile home. In affirming the case in favor of Foremost, the Court said:
"In order to create a valid security interest in collateral such as a mobile home, Section 9.204, Sub-section (a) of the Texas Business and Commerce Code requires: (1) That there be an agreement that a security interest in the collateral attach (see Section 1.201(3)); (2) that value be given; and (3) that the debtor have rights in the collateral. The manufacturer's certificate of origin was at all times in the name of Foremost. The certificate had never been indorsed. It was not in `open' or `negotiable' status. Neither the bank nor Goodbar could have negotiated a `first sale' with a prospective purchaser without an assignment, an indorsement or an authorization by Foremost. Foremost was and is the owner of the mobile home. The manufacturer's certificate indicates that the ownership was transferred from the manufacturer to Foremost. Goodbar never obtained any rights in the mobile home from Foremost to assign to the bank. We hold that no one can give a valid security interest in such property unless he has rights in the collateral. [Citing cases].
* * * * * *
Title to the mobile home is determined by the certificate of title or the manufacturer's certificate. This title information makes it easy for a prospective purchaser or lending agency to determine who is the true owner. The purpose of the Act is to defeat schemes by persons without authority or ownership." 477 S.W.2d at 654, 655.
We do not address Mississippi Code Annotated § 75-9-306(5) (1972) which deals with repossession. That section is not applicable to the facts of this case since it was immaterial to CIT's transaction with Duke that the repossessed mobile home had been returned to Duke's lot.
*127 For the reasons stated, we are of the opinion that the trial court was correct in entering judgment for FNB and the case must be and is affirmed.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
GILLESPIE, C.J., took no part.